UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| BEVERLY A. HAYES | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 24-2688 DIV. (2) |
| LELAND DUDEK, ACTING COMMISSIONER SOCIAL SECURITY ADMINISTRATION | * * | MAG. J. CURRAULT |

### ORDER AND REASONS

This matter was referred to a magistrate judge for disposition pursuant to 28 U.S.C. § 636(c). ECF No. 11. Pending before me is Plaintiff Beverly Hayes' *Ex Parte* Motion for Attorneys' Fees of $11,081.53 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 19. The Government filed a timely response. ECF No. 20.

For the following reasons, the undersigned GRANTS IN PART AND DENIES IN PART the motion and ORDERS that Plaintiff Beverly Hayes be awarded attorneys' fees in the amount of $9,400 for fees and costs in this litigation.

## I.   BACKGROUND

Plaintiff Hayes filed this complaint seeking judicial review under 42 U.S.C. § 405(g) and § 1383(c)(3) of the Commissioner's final decision. ECF No. 1. In accordance with the governing Scheduling Order, Plaintiff filed a Brief/Motion for Summary Judgment. ECF No. 9, 15. In lieu of response, the Commissioner filed an Unopposed Motion to Reverse and Remand pursuant to the fourth sentence of § 405(g) to allow the Commissioner to conduct a new administrative hearing and decision. ECF No. 16.

On April 25, 2025, the undersigned granted the Unopposed Motion to Reverse and Remand, reversed the Commissioner's decision, and remanded the case for further administrative

1

proceedings. ECF No. 17. Plaintiff's Motion for Attorneys' Fees Pursuant to the EAJA followed. ECF No. 19. Plaintiff seeks recovery of attorneys' fees in the amount of $11,081.53, representing 43.7 attorney hours of expended time at $240.71 per hour and 7.5 hours of paralegal time at $75 per hour. ECF No. 19-1 at 2.

The Commissioner has filed a response recognizing that Plaintiff is the prevailing party, but objecting to the amount requested. ECF No. 20 at 1. The Commissioner does not specify whether he objects to the requested hourly rate or time expended; he simply indicates that, rather than litigate, the parties have agreed that a reduction of $1,181.53, for an award of $9,900 rather than the requested $11,081.53, is appropriate and acceptable. *Id.*

## II.   APPLICABLE LAW AND ANALYSIS

The EAJA specifies that the Court shall award attorneys' fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[1] The EAJA further provides that awards are payable directly to Plaintiff as prevailing party, not counsel.[2]

In light of the Order remanding the case to the Commissioner for further administrative proceedings (ECF No. 17), Plaintiff is the prevailing party in this action. Furthermore, the Commissioner does not object to Plaintiff's request for fees, evidently conceding that Plaintiff's position was substantially justified and no special circumstances make an award of attorneys' fees

---

[1] 28 U.S.C. § 2412(d)(1)(A); *see also Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001) (noting the EAJA provides a mandatory attorney's fee award for a prevailing party if (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust (citing *Comm'r v. Jean*, 496 U.S. 154, 158 (1990))); *Calhoun v. Saul*, No. 18-9574, 2020 WL 8642054, at *1 (E.D. La. Nov. 25, 2020) (same).
[2] *Francis o/b/o A.B. v. Saul*, No. 18-13862, 2020 WL 5095286, at *3 (E.D. La. Aug. 28, 2020) (holding that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States" (quoting *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010))).

unjust.  ECF No. 20.  The Court, therefore, finds that Plaintiff is entitled to attorneys' fees under § 2412(d).

Having found Plaintiff entitled to attorneys' fees, the Court must now address the reasonableness of the rate charged and time expended on the matter.

   A. **Rate Charged**

The EAJA provides that the amount of fees awarded to a prevailing party should be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  Plaintiff requests an increase from the statutory $125 per hour rate to an hourly rate of $240 based upon the Consumer Price Index prepared by the Bureau of Labor and Statistics for the South Urban B area.[3]  The CPI adjusted rate is the *maximum* rate that could be awarded, but the EAJA statutory cap need not precisely track increases in the cost of living.[4]

Several judges within the Eastern District of Louisiana have recognized that a cost-of-living increase from the statutory $125 per hour rate is appropriate.[5]  In *Wigginton*, the court noted that the Consumer Price Index for the South Urban B area ("CPI-B") was $207.86 per hour for

---

[3] ECF No. 19-1 at 1-2; *see also* https://www.bls.gov/regions/southwest/data/xg-tables/ro6xg01.htm (last visited August 12, 2025).
[4] *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).
[5] *See, e.g.*, *Green v. Soc. Sec. Admin.*, No. 21-1362, 2022 WL 3643025, at *2 (E.D. La. Aug. 5, 2022) (Douglas, M.J.) (finding $200 per hour reasonable for cost-of-living adjustment), *R.&R. adopted*, 2022 WL 3594637 (E.D. La. Aug. 23, 2022); *Saucier v. Kijakazi*, No. 20-2373, 2022 WL 2132281, at *1 (E.D. La. June 14, 2022) (Vance, J.) (finding $194 per hour reasonable for cost-of-living increase); *Wigginton v. Soc. Sec. Admin.*, No. 19-11418, 2021 WL 3852293, at *3 (E.D. La. Aug. 27, 2021) (Brown, C.J.) (finding $205.84 per hour reasonable for work performed from 2019-2021); *Boasso v. Saul*, No. 18-5623, 2019 WL 5212277, at *2 (E.D. La. Oct. 16, 2019) (Zainey, J.) (finding $194 per hour reasonable for work performed in 2018).

work performed in 2021.[6] More recently within this district, judges have awarded hourly rates ranging from $215 to $239 per hour.[7] This district regularly approves $75 per hour for paralegals.[8]

## B. Time Expended

Only work of a legal nature is compensable.[9] A prevailing party can recover for paralegal work as part of its attorney's fees, as long as the work was legal in nature.[10] Legal work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[11] Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[12] When an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[13] Further, fee applicants must exercise "billing

---

[6] 2021 WL 3852293, at *2 n.28.
[7] *T.V. v. Soc. Sec. Admin*., No. 24-1118, 2025 WL 428500, at *1 (E.D. La. Jan. 7, 2025) (finding unopposed request for $234 hourly rate reasonable), *R.&R. adopted sub nom. Valenti v. Soc. Sec. Admin*., No. 24-1118, 2025 WL 416112 (E.D. La. Feb. 6, 2025); *Smith v. O'Malley*, No. 24-244, 2024 WL 5159280, at *2 (E.D. La. Dec. 18, 2024) (finding unopposed request for $239 hourly rate reasonable); *Kobrock v. Soc. Sec. Admin*., No. 23-256, 2024 WL 1285242, at *2 (E.D. La. Mar. 26, 2024) (finding that rate of approximately $234 per hour reasonable); *Richardel v. Colvin*, No. 24-2093, 2025 WL 1386023, at *3 (E.D. La. Apr. 24, 2025) (finding rate of $215 reasonable), *R.&R. adopted sub nom. Richardel v. Soc. Sec. Admin*., No. 24-2093, 2025 WL 1380718 (E.D. La. May 13, 2025); *Carpenter v. Kijakazi,* No. 21-328, 2022 WL 16961122, at *1 (E.D. La. Nov. 16, 2022) (approving rates of approximately $207 per hour for work performed in 2021 and $221 per hour for work performed in 2022); *Adams v. Soc. Sec. Admin*., No. 21-1246, 2022 WL 4119760, at *1 (E.D. La. Sept. 9, 2022) (approving $229 hourly rate). Other districts impose lower reasonable rates. *See, e.g.*, *Frank v. O'Malley*, No. 24-376, 2025 WL 1202542, at *3 (M.D. La. Apr. 25, 2025) (rejecting requested rate of $220 and awarding $175 hourly rate); *Carr v. Kijakazi*, 2023 WL 3168676, at *3 (W.D. La. Apr. 13, 2023) (finding prevailing market rate for social security fee awards under the EAJA of $200.00 per hour was reasonable), *R.&R. adopted*, 2023 WL 3168343 (W.D. La. Apr. 28, 2023).
[8] *Kobrock*, 2024 WL 1285242, at *2 & n.2 (stating that $75.00 per hour is the standard rate for paralegals in this district) (citing *Carpenter*, 2022 WL 16961122, at *1)).
[9] Work of a legal nature includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).
[10] *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001).
[11] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for attorney time spent copying and Bates-numbering documents); *Fleming v. Elliott Sec. Sols., LLC*, No. 19-2348, 2021 WL 4908875, at *9-10 (E.D. La. Oct. 21, 2021) (disallowing charges for administrative tasks, including opening a file in a database, entering case updates in a management system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk).
[12] *Hagan v. MRS Assocs., Inc*., No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, M.J.) (citations omitted) (reducing hours billed for time attorney sent faxing documents), *aff'd sub nom. Hagan v. M.R.S. Assocs., Inc.*, 281 F.3d 1280 (5th Cir. 2001).
[13] *Kuperman*, 2009 WL 10737138, at *9 (citations omitted).

4

judgment," meaning they should "exclude from a fee request hours that are excessive, redundant and otherwise unnecessary[.]"[14]

The fee applicant bears the burden of proving the hours requested are reasonable.[15] Plaintiff's counsel expended 43.7 hours on this litigation with 7.5 hours in paralegal time. ECF Nos. 19-4, 19-5. Courts have recognized that fee applications for typical Social Security cases range from twenty to forty hours.[16] Here, Plaintiff's itemized statement indicates that her counsel spent 0.6 hours drafting the complaint, 24.2 hours reviewing the administrative record, and 14.8 hours drafting the statement of facts and argument and conducting research. ECF No. 19-4 at 2-3. Counsel also spent 1.5 hours reviewing the administrative decision and deciding whether to appeal and 0.8 hours reviewing the draft brief, with the remaining time spent reviewing other filings (e.g., pro hac vice filing, case assignment, scheduling order, remand and fee motion). *Id.*

C. <u>Analysis</u>

The undersigned finds that an award of $235 per hour (adjusted from the statutory $125 amount based upon the Consumer Price Index) is reasonable and consistent with decisions in this district. As to compensable time, any time spent pre-litigation is not compensable, nor is redundant or duplicative time. Plaintiff raised only two alleged errors,[17] and while the record of proceedings was over 2,500 pages,[18] this case does not present an atypical case that justifies exceeding the typical high range of forty hours. Although counsel indicates that clerical time was zeroed out,

---

[14] *Saucier*, 2022 WL 2132281, at *2 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437(1983)).
[15] *Id.* (citations omitted).
[16] *Benjamin S. v. Bisignano*, No. 23-4768, 2025 WL 1001599, at *2 (S.D. Tex. Apr. 3, 2025); *Noris Giles R. v. Kijakazi*, No. 20-1220, 2021 WL 5826780, at *2 (S.D. Tex. Dec. 8, 2021). Courts in this district regularly find hours in excess of thirty hours of time expended on a social security matter is reasonable. *See, e.g.*, *Green*, 2022 WL 3643025, at *2 (finding 31.2 hours reasonable); *Saucier*, 2022 WL 2132281, at *2 (finding 35 hours reasonable); *Wigginton*, 2021 WL 3852293, at *3 (finding 33 hours reasonable); *Rodriguez v. Comm'r of Soc. Sec. Admin.*, No. 18-6674, 2019 WL 3948011, at *2 (E.D. La. July 30, 2019) (finding 34 hours reasonable), *R.&R. adopted*, 2019 WL 3946139 (E.D. La. Aug. 21, 2019).
[17] ECF No. 15 at 3.
[18] ECF Nos. 8, 8-1, 8-2.

most of the 7.5 paralegal hours reflect clerical activities rather than work of a legal nature, and the hours also reflect pre-suit time.  ECF Nos. 19-1 ¶ 10, 19-5.

The Commissioner indicates that the parties have agreed that an award of $9,900 rather than the requested $11,081.53 would be reasonable, but he fails to discuss either the applicable reasonable rate or number of hours expended.  Upon review of the itemized statement of time included in the motion and considering the unspecified objections implied in the Commissioner's response, the Court finds that the attorney time spent should be reduced from 43.7 hours to 40 hours at the rate of $235 per hour, for a resulting award of $9,400.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff is the prevailing party and entitled to recover attorneys' fees.  The Court further finds that the hourly rate of $235 per hour and 40 hours of time expended are reasonable.  The Court therefore finds that an award of fees under the Equal Access to Justice Act in the reduced total amount of $9,400 made payable to Beverly Hayes is appropriate.

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (ECF No. 22) be GRANTED IN PART AND DENIED IN PART.

**IT IS FURTHER ORDERED** that Plaintiff be awarded fees in the amount of $9,400.

New Orleans, Louisiana, this 13th day of August, 2025.

DONNA PHILIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE